United States District Court
For The Middle District
of Florida, Ocala Florida.

Alexander Edison
    Plaintiff.

v.

Mark Inch, David Colon,
Donald G. David & James McClellan,
    Defendants.

Case No:. 5:21-cv-150-PRL-JLB

LEGAL MAIL A.E.
Provided to Florida State Prison on
_____ for mailing by ___

2021 SEP 29 PM 1:37
FILED

__Amended Complaint__
Complaint For Violation of
Civil Rights (Prisoner Complaint)

Plaintiff Sue's Defendants And Alledges
Introduction

1. This is A Civil Action For damages by
Alexander Edison For violations of the
8th Amendment to the U.S. Const. And
Statutory causes of Action & ~~Violation~~
of owns Rules.

2. Plaintiff, An inmate in Florida Department
of Correction was denied tablet For Com-
munication with Family, loved ones,
Friends And others dureing pandemic & con-
tinues today.

3. Plaintiff was Finally Allowed to purchase
Stamp's, Paper, Envelopes though no
one uses snail mail And there has
been no Real Responce.

1.

4. Plaintiff Filed grievance where A. Dougherty, Lt., David Colon Warden that AVERS contrary own Rule to wit Plaintiff was tranfered to Florida State Prison where grievance Are Not even processed.

5. Plaintiff Received on Respocce of the three grievance Filed At Central office Level to wit A. Keaton Avering based on this Action, your Appeal is Approved For Further inquiry Not Apart of the written grievance process in Rules of 33-103. F.A.c.

6. Plaintiff was And is held hostage with out the communication establish by the departments Rule while pandemic begains to Rise Again And defendants Have Enhanced hostage stanc- -E At Florida State Prison.

<u>JURISDICTION</u>

7. The court HAS Original jurisdiction of plaintiff Federal causes of Action that properly invoke this courts Subject matter jurisdiction Under 28 U.S.C. § 1331 ¢ 1343, Et seq.

8. The Plaintiff claim is predicated upon 42 U.S.C. §1983 which Authorizes Act- -Ion's to Redress the deprivation, un- -der Color of State Law, of Rights, privilege's, And immunities secured by the

2.

The Constitution And Laws Of the United States .

9. Venue And jurisdiction Are proper in this court because one or more defendants Reside in the Northern district of Florida .

PARTIES

10. Plaintiff Alexander Edison is An inmate in custody of the Florida Department of corrections Currently At Florida State Prison .

11. At All times Material hereto, Defendant Mark Inch was Secretary of the Florida Department of Corrections, Charged with care And custody of All Florida Department of corrections Prisoners . He is Sued in his Supervisory Capacity .

12. At All times Material hereto, Defendant David Colon, was Warden of Sumter Corr- -ections Inst. And Department of correction Policy maker charged with care And Custody of prisoners, like Plaintiff, And within providing them the basic Necessities of life including Communica- -tion, personal Safty And care . He is Sued in his Supervisory capacity .

3.

13. At all times material hereto, Defendant Donald B. Davis, was Warden at F.S.P and was a policy maker charged with care and custody of prisoners like Plaintiff, At Florida. He is sued in his supervisory capacity.

14. At all times material hereto, Defendant Jeffrey McClellan was Assistant Warden over programs Acting within the course and scope of his employment And under control color of law. He is sued in his supervisory capacity.

Common Allegations of Fact
Plaintiff Alexander Edison was held hostage in Sumter Corr. Inst. when his "Plaintiff" tablet was taken avering security concern contrary to 33-601. 800 (10) (1) F.A.C. which makes violation of due process clear.

Plaintiff was Assigned to be housed in A CM institution And David Colon As Warden was in violation of procedure 101.001 definitions 1-7 which clearly state there is no Rule makeing Authority nor Any institutional Rule.

4.

Plaintiff after transfer began the same process at Florida State Prison upon transfer as the warehouseing illegally at Florida State Prison is and was twice as cruel and unusual.

Plaintiff at Risk of Retaliation against fileing grievance never got so much as a Responce, the Rule has not been changed though the defendants continue to violate the law that by understanding over laps the constitutional Right to communication under 1st. Amend. Right Enhanced by world pandemic Covid-19.

As Secretary Mark Inch was aware of a practice of denial of communication for prisoners in CM warehouseing Alledged to be a program to wit the 33-601.800 F.A.C. is not being Followed at Any of the illegal warehouse's that Alledged to have this program.

A warden of Sumter Corr. Inst. David Colon was aware of a practice of denying the communication by tablet.

5.

Plaintiff transfer to Florida State Prison
As warden Donald G. Davis was aware
of a practice to violate 33-601.800
(10)(d) F.A.C. which makes it clear com-
munication should be the same as gene-
-ral population inc conjunction with
the Minimal Rights under 1st. Amend.
of the U.S. constitution to wit the
denial is cruel as well as unusual
punishment contrary to alledged
program standards.

As assistance warden over programs
at Florida State Prison Jeffrey McClellan
was aware of practice of denial of
communication by tablet which the
F.A.C. made the same directly over
alledged program to wit there is no
rule makeing authority outside of
the program procedure manual.

On November 30th 2021 Alexander
Edison was housed in confinement
with said tablet as there was no status
to stop the Right to communication the
same as the general population to wit
made access to the tablet a Right 1st and
4th Amendment of the U.S. constitution
the denial of which violates the 8th
Amend. of the U.S. Const.

6.

Prisoner's under Any Status ARE Allow-ed to the SAME Communication by poli-cy F.A.C. CREATED by the procedure MANUAL which MAKES the SAME com-munication Right's to All prisoner's.

## FACTS

Defendant Inch was vested by State law with the Authority to enforce policy For the Florida Department of Corrections.

Defendant Inch was Aware of the Violation As to communication by tablet And that the denial was a direct intent-ion Abuse to detriment of prisoner, but Acted in conspiracy or Failed to Act

Defendant Inch Supported, Failed to instruct, prevent or enforce the F.A.C. which Caused And continue Caues stress, worry, And denial of communications while up under pan-demic.

Plaintiff continues to suffer From lost of communication As the tablet it self has no Recipt nor Actual way to estab-lish where the SAME is contrary to F.A.C. Standards And Requirments.

7.

Plaintiff continues to suffer such blaintant Abuse while under the color of law housed inc Alledged program with nco tablet though the pandemic is enhanced by the lack of communication to family, friends, And other-s.

## CAUSE OF ACTION

Violation of Constitutional Rights under 42 u.s.c. 1983) (1st. Amendment Right to communication And the 4th. Amendment dencial of property by defendant's, David Colonc Warden Sumter C.I., Donald G. Davis Warden Florida State Prison, Jeffrey McClellan Assistant Warden Florida State Prison.

Plaintiff RE Alledges the common Allegations As if Fully set Forth herein.

The Actions of the defendant's Inch, Donald G. Davis, David Colon, James Mc-Clellan in dencying comenunications in compliance with 1st. Amendment Right's the F.A.C. Florida Administrative Code, due process equal protection to the u.s. constitution violations of the 8th Amend. to the u.s. const. prohibiting cruel And unusual punishment.

8.

The Misconduct of the Defendants Was under the color of State law by State Actors, within scope and course of their employment Makeing Defendants liable to plaintiff under 42 U.S.C. 1983.

The tactic used by Mark Inch, David Colon, Donald Davis, James McClellan, in violation of the minimal Requierments under 33-601.800 F.A.C. Will the court Allow these criminals to Create then Allow small minds to out Right violate due process to protection of color of law.

Plaintiff is entitled to punative damages Against defendants individually named.

Plaintiff prays an Attorney will take up this cause and Represent him, entitled to an Award of Attorneys Fee's and Court cost

Violation of constitutional Rights under 42 U.S.C. 1983 (First Amend. Communication, Fourth Amend. Personal Property) Against Defendants Inch, Colon, Davis, McClellan,.

Plaintiff Re-Alleges the common Allegation As if Fully set Forth herein.

9.

The Actions of the defendants Inch, Colon, Davis, McClellan in denying communication while prisoner lost lives of family, friends, and others without knowledge for months in two instance- 'es not to mention said hostle abu- -se while held hostage continues as this petition is pending.

Plaintiff is entitled to punitive damag- -es against defendants individually named.

As it is necessary for Plaintiff to hire counsel to represent him, Pla- -intiff is entitled to an award of attorn- -ey's fees and court cost.

Wherefore, Plaintiff prays that this co- -urt enter judgement as noted below.

Violation of constitution Rights, under 42 U.S.C. 1983 against Defendants Inch, Colon, Davis, McClellan failing to provide communication as in compl- -iance with 33-601.800 (10)(1) F.A.C.

Plaintiff re-alleges the common alleg- -ations as if fully set forth herein.

10.

The Action of failing to stop the illegally denial of communication as in the procedure Manual, the Florida Administrative Code State and Federal laws And constitutions.

The Action Amounts to misconduct of the defendants collectively under the color of State law by State Actors within the course And scope of their Employment, making defendants liable to plaintiff under 42 U.S.C. 1983.

As A direct Result of the denial of Right to communication Plaintiff suffered Violations of Knowledge of lost of family, friends And others As well As the Right not to worry About family members who can not write for Reason beyond their control.

Plaintiff is entitled to punitive damages Against defendants in their Capacity.

As it was necessary for Plaintiff to hire Counsel to Represent him, Plaintiff is entitled to An Award of Attorney's fee And cost.

11.

Violation of constitutional Rights und-
-er 42 U.S.C. 1983 Against Defendants
Inch, Colon, Davis, McClellan (sup-
ervisory Role) .

Plaintiff Re-Alledges the common
Allegation's as if fully set forth herein.

Defendant's Inch, Colon, Davis,
McClellan Failure to Enforce the
F.A.C. creates deliberate indifferences
in the supervision, protection and illeg-
-al warehouseing of this prisoner while
denying Minimal Right's under Alleged
programs .

Defendants as Warden David Colon, and
Warden Donald G. Davis., Sumter Corr.
Inst. And F.S.P. Respectively both vio-
-late Right to communication by make-
-ing own Rule as the F.A.C. Remain
the same establishing conspiracy that
Inch Failed or Refuse to stop.

The complained of Actions of Defen-
dants occurred while they were on
duty and working as corrections adm-
-inistrative staff for the Florida Department
of corrections at Sumter C.I. and Florida
State Prison while supervisory under secretary.

Plaintiff is entitled to punitive damages aga-
inst defendant in their Official Capacity .

12.

As it was necessary For Plaintiff to hire the Attorney to Represent him, Plaintiff is Entitled to an Award of Attorney Fee's & Cost.

Prayer For Relief
Wherefore, the plaintiff Request Judgement As Follows :

A. Compensatory damages Against each of the defendants Hereing.
B. Punitive damages Against defendants Sued in their capacity.
C. Post judgement interest.
D. Attorney's Fee's pursuant to 42 U.S.C. §1988 And cost of litigation.
E. A trial by jury on All issues so triable.
F. Such other Reliefs As justice May Require.

Alex Edison
Alexander Edison D#991325
F.S.P. Main Unit
P.o. box 800
Raiford, Fla. 32083

Certificate of Service
I hereby Certify that everything within is a true And correct copy of And has been placed in prison officials hands For mailing this 24th day of Sept. 2021

Alex Edison